# EXHIBIT A

AOC-E-105 Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice Courts.ky.gov

CR 4.02; Cr Official Form 1



# CIVIL SUMMONS

Case #: **17-CI-001289**
Court: **CIRCUIT**
County: **JEFFERSON Circuit**

*Plantiff*, **HALL, RONALD VS. THE EVANGELICAL LUTHERAN GOOD SAM SOCIETY,**, *Defendant*

TO: **CT CORPORATION SYSTEM**
**306 WEST MAIN STREET, SUITE 512**
**FRANKFORT, KY 40601**

03/15/17
RHP
1235

The Commonwealth of Kentucky to Defendant:
**THE EVANGELICAL LUTHERAN GOOD SAM SOCIETY**

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

/s/ David L. Nicholson, Jefferson Circuit Clerk
Date: **03/13/2017**

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: ____________________

☐ Not Served because: ____________________

Date: ______________, 20____ ____________________
Served By

____________________
Title

Summons ID: @00000816546, FRANKLIN COUNTY SHERIFF
CIRCUIT: 17-CI-001289 Sheriff Service
HALL, RONALD VS. THE EVANGELICAL LUTHERAN GOOD SAM SOCIETY,








package : 000003 of 000072
Presiding Judge: HON. SUSAN GIBSON (630269)
CI : 000001 of 000001



**Service of Process Transmittal**
03/15/2017
CT Log Number 530859615

**TO:** Misty Ham-Quick
The Evangelical Lutheran Good Samaritan Society
4800 W 57th St
Sioux Falls, SD 57108-2239

**RE:** **Process Served in Kentucky**

**FOR:** The Evangelical Lutheran Good Samaritan Society (Domestic State: ND)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

**TITLE OF ACTION:** Ronald Hall, as Administrator of the Estate of Jackie Hall, deceased, Pltf. vs. The Evangelical Lutheran Good Samaritan Society, Inc., etc., et al., Dfts.

**DOCUMENT(S) SERVED:** Summons, Complaint, Notice, Attachment, First Set of Interrogatories, First Set of Request(s) for Production

**COURT/AGENCY:** Jefferson County Circuit Court, KY
Case # 17CI001289

**NATURE OF ACTION:** Medical Injury - Improper Care and Treatment - Wrongful Death - on June 11, 2016

**ON WHOM PROCESS WAS SERVED:** C T Corporation System, Frankfort, KY

**DATE AND HOUR OF SERVICE:** By Process Server on 03/15/2017 at 12:35

**JURISDICTION SERVED :** Kentucky

**APPEARANCE OR ANSWER DUE:** Within 20 days following the day this paper is delivered to you

**ATTORNEY(S) / SENDER(S):** Todd C. Myers
WILKES & McHUGH, P.A.
429 North Broadway
P.O. Box 1747
Lexington, KY 40588-1747
(859) 455-3356

**ACTION ITEMS:** CT has retained the current log, Retain Date: 03/15/2017, Expected Purge Date: 03/20/2017

Image SOP

Email Notification, Misty Ham-Quick mhamquic@good-sam.com

**SIGNED:** C T Corporation System
**ADDRESS:** 306 W. Main Street
Suite 512
Frankfort, KY 40601
**TELEPHONE:** 717-234-6004



Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

package : 000004 of 000072

*Electronically Filed*

**COMMONWEALTH OF KENTUCKY**
**IN THE CIRCUIT COURT OF JEFFERSON COUNTY**
**DIVISION____**

**Civil Action File No. ____________________**

Ronald Hall, as Administrator of the Estate of Jackie Hall, deceased, PLAINTIFF

v.

**COMPLAINT**

The Evangelical Lutheran Good Samaritan Society, Inc. DEFENDANTS
d/b/a Good Samaritan Society - Jeffersontown
c/o CT Corporation System
306 West Main Street, Suite 512
Frankfort, Kentucky 40601

Claude Mapp, in his capacity as Administrator
of Good Samaritan Society - Jeffersontown
3500 Good Samaritan Way
Jeffersontown, Kentucky 40299

and John Does 1 through 3,
Unknown Defendants

COMES NOW Plaintiff, Ronald Hall, as Administrator of the Estate of Jackie Hall, deceased, and for this cause of action against Defendants, The Evangelical Lutheran Good Samaritan Society, Inc. d/b/a Good Samaritan Society - Jeffersontown; Claude Mapp, in his capacity as Administrator of Good Samaritan Society - Jeffersontown; and John Does 1 through 3 Unknown Defendants states:

1. Ronald Hall is the Administrator of the Estate of Jackie Hall, deceased, as appointed by Order of the Jefferson District Court, Probate Division, Case No. 16-P-004331, and therefore brings this action on behalf of Jackie Hall, deceased, pursuant to the Survival of Actions Statute (K.R.S. § 411.140) and on behalf of the Estate of Jackie Hall, deceased.

Presiding Judge: HON. SUSAN GIBSON (630269)

COM : 000001 of 000020

2. Ronald Hall is the son of Jackie Hall is a resident of the Commonwealth of Kentucky.

3. Upon information and belief, Jackie Hall was admitted as a resident of Good Samaritan Society - Jeffersontown, located at 3500 Good Samaritan Way, Jeffersontown, KY 40299, (hereinafter sometimes referred to as "the facility"), on August 04, 2013, and except for hospitalization remained until June 04, 2016.

4. At all times relevant to this action, Jackie Hall was of unsound mind.

5. Defendant The Evangelical Lutheran Good Samaritan Society, Inc. d/b/a Good Samaritan Society - Jeffersontown, is a foreign corporation, authorized to do business in the Commonwealth of Kentucky, with its principal office located at 4800 West 57th Street, Sioux Falls, SD 57108. Upon information and belief, at all times material to this action, The Evangelical Lutheran Good Samaritan Society, Inc. d/b/a Good Samaritan Society - Jeffersontown owned, operated, managed, controlled and/or provided services for nursing facilities, including The Good Samaritan Society - Jeffersontown. The causes of action made the basis of this suit arise out of such business conducted by said Defendant, The Evangelical Lutheran Good Samaritan Society, Inc. d/b/a Good Samaritan Society – Jeffersontown, in the ownership, operation, management, control and/or services provided for Good Samaritan Society - Jeffersontown during the residency of Jackie Hall. The agent for service of process for Defendant The Evangelical Lutheran Good Samaritan Society, Inc. d/b/a Good Samaritan Society - Jeffersontown is CT Corporation System, 306 West Main Street, Suite 512, Frankfort, KY 40601.

6. Upon information and belief, Defendant Claude Mapp, was an Administrator of Good Samaritan Society - Jeffersontown during the residency of Jackie Hall. The causes of action made the basis of this suit arise out of Defendant Claude Mapp's administration of the facility



package : 000005 of 000072

Presiding Judge: HON. SUSAN GIBSON (630269)

COM : 000002 of 000020

during the residency of Jackie Hall. Defendant Claude Mapp may be served at 3500 Good Samaritan Way, Jeffersontown, KY 40299.

7. Defendants John Does 1 through 3 are entities and/or persons, either providing care and services to Jackie Hall, or directly or vicariously liable for the injuries of Jackie Hall. Plaintiffs are currently unable to identify these Unknown Defendants, despite diligent efforts, but may discover such identities upon further investigation. Said defendants are named insofar as their acts and/or omissions were negligent, tortious or otherwise wrongful with respect to the care, treatment and services to Jackie Hall during her residency at Good Samaritan Society - Jeffersontown.

8. Whenever the term "Nursing Home Defendant" is utilized within this suit, such term collectively refers to and includes The Evangelical Lutheran Good Samaritan Society, Inc. d/b/a Good Samaritan Society - Jeffersontown.

9. Whenever the term "Administrator Defendant" is utilized within this suit, such term refers to Claude Mapp.

10. Whenever the term "Defendants" is utilized within this suit, such term collectively refers to and includes all named Defendants in this lawsuit.

11. Defendants controlled the operation, planning, management, budget and quality control of the facility. The authority exercised by Defendants over the respective nursing homes included, but was not limited to, control of marketing, human resources management, training, staffing, creation, and implementation of all policy and procedure manuals used by the nursing homes, federal and state reimbursement, quality care assessment and compliance, licensure and certification, legal services, medical supply services, and financial, tax and accounting control through fiscal policies established by Defendants.

12. Jurisdiction and venue are proper in this Court.



package : 000006 of 000072

Presiding Judge: HON. SUSAN GIBSON (630269)

COM : 000003 of 000020

package : 000007 of 000072

## FACTUAL ALLEGATIONS

13. Plaintiff re-alleges and incorporates all of the allegations contained in Paragraphs 1 – 12 as if fully set forth herein.

14. Upon information and belief, Jackie Hall was looking to Nursing Home Defendants for treatment of her total needs for custodial, nursing, and medical care and not merely as the situs where others not associated with the facility would treat her.

15. At all relevant times mentioned herein, Nursing Home Defendants owned, operated, managed, controlled and/or provided services for Good Samaritan Society - Jeffersontown, either directly or through a joint enterprise, partnership or the agency of each other and/or other diverse subalterns, alter egos, subsidiaries, governing bodies, agents, servants or employees.

16. Nursing Home Defendants are directly or vicariously liable for any acts and omissions by any person or entity, directly or indirectly controlled, including any governing body, officer, employee, ostensible or apparent agent, partner, consultant or independent contractor, whether in-house or outside individuals, entities, agencies or pools.

17. Nursing Home Defendants failed to discharge their obligations of care to Jackie Hall, and in so failing, displayed a conscious disregard for her rights and safety. At all times mentioned herein, Nursing Home Defendants, individually and/or through their corporate officers and administrators, had knowledge of, ratified and/or otherwise authorized all of the acts and omissions that caused the injuries suffered by Jackie Hall, as more fully set forth below. Nursing Home Defendants knew that this facility could not provide the minimum standard of care to the weak and vulnerable residents of the facility, including Jackie Hall.

Presiding Judge: HON. SUSAN GIBSON (630269)

COM : 000004 of 000020

18. Due to the wrongful conduct of Nursing Home Defendants, Jackie Hall suffered accelerated deterioration of her health and physical condition beyond that caused by the normal aging process, including, but not limited to, the following:

a) Infections;
b) Fall;
c) Fracture;
d) Skin impairments; and
e) Death.

19. Jackie Hall also suffered unnecessary loss of personal dignity, extreme pain and suffering, degradation, mental anguish, disability, disfigurement, and loss of life, all of which were caused by the wrongful conduct of Nursing Home Defendants as alleged below.

20. The injuries described in this Complaint are a direct and proximate result of the acts or omissions set forth herein, singularly or in combination. As a result of these injuries, Jackie Hall's health deteriorated, she required medical treatment and she died.

**CAUSES OF ACTION**

**COUNT 1 – NEGLIGENCE**

21. Plaintiff re-alleges and incorporates all of the allegations contained in Paragraphs 1 – 20 as if fully set forth herein.

22. Nursing Home Defendants owed a non-delegable duty to Jackie Hall to provide the custodial care, services and supervision that a reasonably careful nursing home would provide under similar circumstances.

23. Upon information and belief, Nursing Home Defendants knowingly developed and maintained staffing levels at the facility without regard for patient acuity levels or the minimal time to perform the essential functions of providing care to Jackie Hall.

24. Nursing Home Defendants negligently failed to deliver care, services and supervision, including, but not limited to, the following acts and omissions:



package : 000008 of 000072

Presiding Judge: HON. SUSAN GIBSON (630269)

COM : 000005 of 000020

a) Failure by the members of the governing body of the facility to discharge their legal and lawful obligation by:

1) ensuring that the rules and regulations designed to protect the health and safety of the residents, such as Jackie Hall, as promulgated by the Cabinet for Health and Family Services, Division of Long Term Care;

2) ensuring compliance with the resident care policies for the facility; and

3) ensuring that appropriate corrective measures were implemented to correct problems concerning inadequate resident care;

b) Failure to develop, implement and follow policies to assist Jackie Hall in attaining and maintaining the highest level of physical, mental and psychological well-being;

c) Failure to maintain all records on Jackie Hall in accordance with accepted standards and practices;

d) Failure to provide the minimum number of qualified personnel to meet the total needs of Jackie Hall;

e) Failure to provide adequate nursing and other staff that was properly staffed, qualified and trained;

f) Failure to ensure that Jackie Hall received adequate and proper custodial care;

g) The failure to maintain all records on Jackie Hall in accordance with accepted standards and practice that were complete, accurately documented, readily accessible, and systematically organized with respect to her diagnosis, treatment, and appropriate care plans of care and treatment;

h) Failure to monitor or increase the number of nursing personnel at the facility to ensure that Jackie Hall:

1) received timely and accurate care assessments;

2) received prescribed treatment and medication;

3) received appropriate diet and nutrition;

4) received necessary supervision; and

5) received timely intervention due to significant changes in condition;

package : 000009 of 000072

Presiding Judge: HON. SUSAN GIBSON (630269)

COM : 000006 of 000020

i) Failure to have in place adequate guidelines, policies and procedures for the facility and to administer those policies through enforcement of any rules, regulations, by-laws or guidelines;

j) Failure to take reasonable steps to prevent, eliminate and correct deficiencies and problems in resident care at the facility;

k) Failure to ensure that Jackie Hall received timely and appropriate custodial care, including, but not limited to, supervision, personal attention, infection control measures, and hygiene;

l) Failure to provide Jackie Hall with timely and appropriate turning and repositioning to prevent the onset and progression of skin breakdown;

m) Failure to ensure that Jackie Hall was provided with warm and palatable meals and received assistance with eating;

n) Failure to protect Jackie Hall from abuse and neglect; and

o) Failure to increase the number of personnel at the facility to ensure that Jackie Hall did not suffer the above-listed failures.

25. A reasonably careful nursing facility would not have failed to provide the care listed above. It was foreseeable that these breaches of ordinary care would result in serious injuries to Jackie Hall. With regard to each of the foregoing acts of negligence, Nursing Home Defendants acted with oppression, fraud, and/or malice or were grossly negligent by acting with wanton or reckless disregard for the health and safety of Jackie Hall.

26. Plaintiff also alleges that Nursing Home Defendants violated statutory and regulatory duties of care, the violations of which are evidence of negligence. Violations of said statutory and regulatory standards of care by Nursing Home Defendants caused in part the injuries to Jackie Hall. Jackie Hall was injured by the statutory and regulatory violations of Nursing Home Defendants and was within the class of persons for whose benefit the statutes and regulations were enacted and promulgated and who was intended to be protected by these statutes and regulations. The violations of the statutory and regulatory standards of care of Nursing Home Defendants included, but is not limited to, violation(s) of the following:

package : 000010 of 000072

Presiding Judge: HON. SUSAN GIBSON (630269)

COM : 000007 of 000020

package : 000011 of 000072

a) Violation(s) of KRS 209.005 et seq. and the regulations promulgated thereunder, by abuse, neglect and/or exploitation of JACKIE HALL; and/or,

b) Violation(s) of the statutory standards and requirements governing licensing and operation of long-term care facilities as set forth by the Cabinet for Health and Family Services, pursuant to provisions of KRS Chapter 216 and the regulations promulgated thereunder.

27. Plaintiff also alleges that Defendants breached the standard of care by violating the Kentucky Residents' Rights Statute. The violations of the resident's rights of Jackie Hall include, but are not limited to, the following:

a) Violation of the right to be treated with consideration, respect, and full recognition of her dignity and individuality, including privacy in treatment and in care for her personal needs;

b) Violation of the right to be suitably dressed at all times and given assistance when needed in maintaining body hygiene and good grooming;

c) Violation of the right to have a responsible party or family member or guardian notified immediately of any accident, sudden illness, disease, unexplained absence, or anything unusual involving the resident;

d) Violation of the right to have an adequate and appropriate resident care plan developed, implemented and updated to meet her needs;

e) Violation of the right to be free from mental and physical abuse and neglect; and

f) Violation of the statutory standards and requirements governing licensing and operation of long-term care facilities as set forth by the Cabinet for Health and Family Services, pursuant to provisions of K.R.S. Chapter 216 and the regulations promulgated thereunder, as well as the applicable federal laws and regulations governing the certification of long-term care facilities under Titles XVIII or XIX of the Social Security Act.

28. As a direct and proximate result of such oppression, fraud, malice, or gross negligence, Jackie Hall suffered the injuries described herein. Plaintiff asserts a claim for judgment against Nursing Home Defendants for all compensatory and punitive damages including, but not limited to, medical expenses, extreme pain and suffering, mental anguish, disability, disfigurement, degradation, unnecessary loss of personal dignity, and loss of life, in an

Presiding Judge: HON. SUSAN GIBSON (630269)

COM : 000008 of 000020

amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, plus costs and all other relief to which Plaintiff is entitled to by law.

**COUNT II – MEDICAL NEGLIGENCE**

29. Plaintiff re-alleges and incorporates all of the allegations contained in Paragraphs 1 – 28 as if fully set forth herein.

30. Nursing Home Defendants had a duty to provide the standard of professional medical care and services that a reasonably competent nursing facility acting under the same, and similar, circumstances would provide.

31. Nursing Home Defendants failed to meet the applicable standards of medical care. The medical negligence or malpractice of Nursing Home Defendants included, but was not limited to, the following acts and omissions:

a) The overall failure to ensure that Jackie Hall:

1) received timely and accurate care assessments;

2) received prescribed treatment and medication;

3) received appropriate diet and nutrition;

4) received necessary supervision; and

5) received timely intervention due to significant changes in condition;

b) Failure to provide sufficient numbers of qualified personnel, including nurses, licensed practical nurses, certified nurse assistants and medication aides to meet the total needs of Jackie Hall throughout her residency;

c) Failure to provide and implement an adequate nursing care plan based on the needs of Jackie Hall;

d) Failure to provide care, treatment and medication in accordance with physician's orders;

package : 000012 of 000072

Presiding Judge: HON. SUSAN GIBSON (630269)

COM : 000009 of 000020

package : 000013 of 000072

Presiding Judge: HON. SUSAN GIBSON (630269)

COM : 000010 of 000020

e) Failure to adequately and appropriately monitor Jackie Hall and recognize significant changes in her health status, and to timely notify her physician of significant changes in her health status;

f) Failure to ensure Jackie Hall was not deprived of the services necessary to maintain her health and welfare;

g) Failure to inform the physician and family of significant changes in condition;

h) Failure to ensure that Jackie Hall received adequate and proper supervision and hygiene as well as infection control procedures;

i) Failure to adequately, timely and appropriately educate and inform the caregivers at the facility of the needs, level of assistance, and prescribed care and treatment for Jackie Hall; and

j) Failure to provide proper supervision, treatment, assessment and monitoring of Jackie Hall in order to prevent the above-listed injuries;

k) Failure to administer and secure appropriate medical care following the development and/or discovery of Jackie Hall's above-listed injuries; and

l) Failure to increase the number of personnel at the facility to ensure that Jackie Hall not suffer the above-listed failures.

32. It was foreseeable that the breaches of care listed above would result in serious injuries to Jackie Hall. A reasonably competent nursing facility acting under the same or similar circumstances would not have failed to provide the care listed above.

33. With regard to each of the foregoing acts of professional or medical negligence, Nursing Home Defendants acted with oppression, fraud, and/or malice, or were grossly negligent by acting with wanton or reckless disregard for the health and safety of Jackie Hall.

34. As a direct and proximate result of such oppression, fraud, malice, or gross negligence, Jackie Hall suffered the injuries described herein. Plaintiff asserts a claim for judgment against Nursing Home Defendants for all compensatory and punitive damages including, but not limited to, medical expenses, extreme pain and suffering, mental anguish, disability, disfigurement, degradation, unnecessary loss of personal dignity, and loss of life, in an

amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, plus costs and all other relief to which Plaintiff is entitled by law.

## COUNT III – CORPORATE NEGLIGENCE

35. Plaintiff re-alleges and incorporates all of the allegations contained in Paragraphs 1 – 34 as if fully set forth herein.

36. Upon information and belief, Jackie Hall was looking to Nursing Home Defendants' facility for treatment of her physical ailments and not merely as the situs where others not associated with the facility would treat her for her problems. There is a presumption that the treatment Jackie Hall received was being rendered through employees of Nursing Home Defendants and that any negligence associated with that treatment would render Nursing Home Defendants responsible. Nursing Home Defendants or persons or entities under their control or to the extent Nursing Home Defendants were vicariously liable through the ostensible or apparent agency of others, owed a non-delegable duty to residents, including Jackie Hall, to act with the degree and skill expected of reasonably competent medical practitioners acting in the same or similar circumstances.

37. Nursing Home Defendants owed a non-delegable duty to assist Jackie Hall in attaining and maintaining the highest level of physical, mental and psychological well-being.

38. Nursing Home Defendants owed a duty to Jackie Hall to maintain their facility, including providing and maintaining medical equipment and supplies; and hiring, supervising and retaining nurses and other staff employees.

39. Nursing Home Defendants owed a duty to Jackie Hall to have in place procedures and protocols to properly care for residents and to administer these policies through enforcement

package : 000014 of 000072

Presiding Judge: HON. SUSAN GIBSON (630269)

COM : 000011 of 000020

of any rules, regulations, bylaws or guidelines, which were adopted by Nursing Home Defendants to insure a smoothly run facility and adequate resident care.

40. Nursing Home Defendants owed a duty to Jackie Hall to provide a safe environment; to provide treatment and recovery; and to exercise ordinary care and attention for the safety of residents, including Jackie Hall, in proportion to the physical and mental ailments of each particular resident, known or discoverable by the exercise of reasonable skill and diligence. The duty of reasonable care and attention extended to safeguarding Jackie Hall from danger due to her inability to care for herself/himself. Nursing Home Defendants had a duty to protect Jackie Hall from any danger which the surroundings would indicate might befall her in view of any peculiar trait exhibited by her or which her/his mental condition or aberration would suggest as likely to happen.

41. With regard to each of the foregoing acts of negligence, Nursing Home Defendants acted with oppression, fraud, malice, or were grossly negligent by acting with wanton or reckless disregard for the health and safety of Jackie Hall.

42. As a direct and proximate result of such oppression, fraud, malice, or gross negligence, Jackie Hall suffered the injuries described herein. Plaintiff asserts a claim for judgment against Nursing Home Defendants, for all compensatory and punitive damages including, but not limited to, medical expenses, extreme pain and suffering, mental anguish, disability, disfigurement, hospitalizations, degradation, unnecessary loss of personal dignity, and loss of life, in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, plus costs and all other relief to which Plaintiff is entitled by law.

package : 000015 of 000072

Presiding Judge: HON. SUSAN GIBSON (630269)

COM : 000012 of 000020

## CAUSE OF ACTION AGAINST ADMINISTRATOR DEFENDANT

## FACTUAL ALLEGATIONS

43. Plaintiff re-alleges and incorporates all of the allegations contained in Paragraphs 1 – 20 as if fully set forth herein.

44. As administrator of The Good Samaritan Society - Jeffersontown, Administrator Defendant was required to be licensed by the Commonwealth of Kentucky. Administrator Defendant owed ordinary duties of care to Jackie Hall, as well as professional duties and statutory duties owed to residents by licensed, nursing home administrators in Kentucky, pursuant to the Nursing Home Administrators Licensure Act of 1970, codified as Kentucky Revised Statutes sections 216A.010 *et* seq.

45. As a holder of a nursing home administrator's license for the facility, Administrator Defendant was legally and individually responsible for the operation of the facility and the welfare of its residents pursuant to Chapter 216A of the Kentucky Revised Statutes and Title 201, Chapter 6 of the Kentucky Administrative Regulations.

46. Administrator Defendant was also responsible for the total management of the facility pursuant to federal law.

47. Administrator Defendant's management responsibilities included ensuring that the facility operated and provided services in compliance with all applicable federal, state, and local laws, regulations, and codes, and within accepted professional standards and principles.

48. Administrator Defendant was responsible for ensuring that the facility complied with state and federal regulations related to nursing facilities. Administrator Defendant had duties to administrate the facility in a manner that enabled it to use resources effectively and efficiently to attain or maintain the highest practicable, physical, mental and psychological well-being of each resident. The nursing facility, under the leadership of its administrator, is also

package : 000016 of 000072

Presiding Judge: HON. SUSAN GIBSON (630269)

COM : 000013 of 000020

required to operate and provide services in compliance with all applicable federal, state and local laws, regulations and codes and with accepted professional standards and principles that apply to professionals providing services in such a facility. Administrator Defendant breached his duties of care to Jackie Hall by failing to meet these requirements.

**COUNT I – NEGLIGENCE**

49. Plaintiff re-alleges and incorporates all of the allegations contained in Paragraphs 1 – 20 and 43 - 48 as if fully set forth herein.

50. As administrator of Good Samaritan Society - Jeffersontown, Administrator Defendant owed a duty to the residents of the facility, including Jackie Hall, to provide services as a reasonable administrator within accepted standards for nursing home administrators.

51. Administrator Defendant breached hia duties owed to the residents of the facility, including Jackie Hall, during his tenure as administrator by failing to supervise nurses and nurses' aides and failing to hire sufficient nurses and nurses' aides and, as such, the nurses and nurses' aides were unable to provide Jackie Hall the care she required. The negligence of Administrator Defendant includes, but is not limited to, the following acts and omissions:

a) Failure to monitor or provide enough qualified nursing personnel at the facility to ensure that Jackie Hall:

1) received timely and accurate care assessments;

2) received prescribed treatment and medication;

3) received appropriate diet and nutrition;

4) received necessary supervision; and

5) received timely intervention due to significant changes in condition;

b) Failure to adequately screen, evaluate, and test for competence in selecting personnel to work at the facility;



package : 000017 of 000072

Presiding Judge: HON. SUSAN GIBSON (630269)

COM : 000014 of 000020

c) Failure to ensure that Jackie Hall was provided with basic and necessary care and supervision;

d) Failure to ensure that Jackie Hall received care, treatment, and medication as prescribed or in accordance with physician's orders;

e) Failure to ensure that Jackie Hall attained and maintained her highest level of physical, mental, and psychosocial well–being;

f) Failure to ensure that Jackie Hall was treated with the dignity and respect that all nursing home residents are entitled to receive;

g) Failure to provide a safe environment for Jackie Hall;

h) Failure to take reasonable steps to prevent, eliminate and correct deficiencies and problems in resident care at the facility;

i) Failure to discipline or terminate employees at the facility assigned to Jackie Hall that were known to be careless, incompetent, and unwilling to comply with the policy and procedures of the facility and the rules and regulations promulgated by the Cabinet for Health and Family Services;

j) Failure to adopt adequate guidelines, policies, and procedures for:

1) investigating the relevant facts, underlying deficiencies, or licensure violations or penalties found to exist at the facility by the Cabinet for Health and Family Services or any other authority;

2) determining the cause of any such deficiencies, violations, or penalties;

3) establishing the method and means for correcting deficiencies or licensure violations or penalties found to exist at the facility;

4) determining whether the facility had sufficient numbers of personnel to meet the total needs of Jackie Hall; and,

5) documenting, maintaining files, investigating and responding to any complaint regarding the quality of resident care, or misconduct by employees at the facility, regardless of whether such complaint derived from a resident of said facility, an employee of the facility, or any interested person;

k) Failure to maintain all records on Jackie Hall in accordance with accepted professional standards and practice that were complete, accurately documented, readily accessible, and systematically organized with respect to her diagnosis, treatment, and appropriate care plans of care and treatment;

package : 000018 of 000072

Presiding Judge: HON. SUSAN GIBSON (630269)

COM : 000015 of 000020

l) Failure to inform the physician and family of significant changes in condition;

m) Failure to increase the number of personnel at the facility to ensure that Jackie Hall received timely and appropriate custodial care, including, but not limited to, bathing, grooming, incontinent care, personal attention, hygiene, feeding, and administering medications;

n) Failure to ensure that staff provide Jackie Hall with adequate and proper infection control measures, supervision, skin care, medication administration and hygiene;

o) Failure to ensure that staff provided proper supervision, treatment, assessment and monitoring of Jackie Hall to prevent her from suffering the above-listed injuries;

p) Failure to ensure that staff administered and secured appropriate medical care for Jackie Hall's above-listed injuries; and

q) Failure to increase the number of personnel at the facility to ensure that Jackie Hall not suffer the above-listed failures.

52. A reasonably careful nursing home administrator would have foreseen that the failure to provide the ordinary care listed above would result in serious injuries to Jackie Hall. Each of the foregoing acts of negligence on the part of Administrator Defendant was accompanied by such wanton or reckless disregard for the health and safety of Jackie Hall as to constitute gross negligence.

53. Additionally, Administrator Defendant failed to operate, manage or oversee Good Samaritan Society - Jeffersontown in compliance with federal, state, and local laws, regulations, and codes intended to protect nursing home residents, including, but not limited to:

a) Failure to ensure compliance with rules and regulations of the Cabinet for Health and Family Services, pursuant to Chapters 216, 216B and 13A of the Kentucky Revised Statutes and the administrative regulations promulgated thereunder, and the federal minimum standards imposed by the United States Department of Health and Human Services, 42 C.F.R. sections 405.301 *et seq.*;

b) Failure to ensure compliance with laws and regulations promulgated by the Cabinet for Health and Family Services to provide the minimum number of staff necessary to assist Jackie Hall with her needs;



package : 000019 of 000072

Presiding Judge: HON. SUSAN GIBSON (630269)

COM : 000016 of 000020

c) Failure to ensure compliance with law and regulations of the Board of Licensure for Nursing Home Administrators pursuant to the Nursing Home Administrators Licensure Act of 1970, Kentucky Revised Statutes sections 216A.010 et seq.;

d) Failure to provide the necessary care and services to attain or maintain the highest practicable, physical, mental, and psychosocial well – being of Jackie Hall, and in accordance with the comprehensive assessment and plan of care created at the facility;

e) Failure to provide sufficient nursing staff and nursing personnel to provide adequate and appropriate nursing care to Jackie Hall in accordance with the resident care plan generated at the facility;

f) Failure to administer the facility in a manner that enabled it to use its resources effectively and efficiently to attain or maintain the highest practicable physical, mental and psychosocial well-being of Jackie Hall;

g) Failure to ensure a nursing care plan based on Jackie Hall's problems and needs was established which contained measurable objectives and time tables to meet her medical, nursing, mental, and psychosocial needs as identified in her comprehensive assessment when Jackie Hall's needs changed; and

h) Failure to notify Jackie Hall's family and physician of a need to alter her treatment significantly.

54. Jackie Hall was member of a class intended to be protected by the above laws and regulations. The injuries alleged in paragraph 18 resulted from events the laws and regulations were designed to prevent.

55. It was foreseeable that these breaches of statutory duties would result in serious injuries to Jackie Hall. Each of the foregoing acts of negligence *per se* on the part of Administrator Defendant was accompanied by such wanton or reckless disregard for the health and safety of Jackie Hall as to constitute gross negligence.

56. As a direct and proximate result of such negligent, grossly negligent, wanton, or reckless conduct, Jackie Hall suffered the injuries and death described in paragraph 18, and Plaintiff asserts a claim for judgment for all compensatory and punitive damages against Administrator Defendant including, but not limited to, medical expenses, extreme pain and



package : 000020 of 000072

Presiding Judge: HON. SUSAN GIBSON (630269)

COM : 000017 of 000020

suffering, mental anguish, disfigurement, hospitalizations, degradation, unnecessary loss of personal dignity, and loss of life, in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, plus costs and all other relief to which Plaintiff is entitled by law.

**CAUSE OF ACTION AGAINST ALL DEFENDANTS**

**COUNT I – WRONGFUL DEATH**

57. Plaintiff re-alleges and incorporates all of the allegations contained in paragraphs 1 – 56 as if fully set forth herein.

58. As a direct and proximate result of the previously alleged conduct, all of which was grossly negligent, or was oppressive, fraudulent or malicious, Defendants caused the death of Jackie Hall by their wrongful conduct.

59. Jackie Hall suffered personal injuries, including extreme pain and suffering, mental anguish, disability, disfigurement, hospitalizations, degradation, and unnecessary loss of personal dignity, resulting in her death on June 11, 2016. The extreme pain and suffering, mental anguish, disability, disfigurement, hospitalizations, degradation, and unnecessary loss of dignity suffered by Jackie Hall caused her family to suffer more than normal grief upon her death.

60. As a direct and proximate result of the wrongful death suffered by Jackie Hall, Plaintiff asserts, against Defendants, a claim for judgment for all compensatory and punitive damages including, but not limited to, medical expenses, funeral expenses and other related costs, the grief suffered by statutory beneficiaries, extreme pain and suffering, mental anguish, disability, disfigurement, hospitalizations, degradation, unnecessary loss of personal dignity, and loss of life, in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in

package : 000021 of 000072

Presiding Judge: HON. SUSAN GIBSON (630269)

COM : 000018 of 000020

diversity of citizenship cases, as well as costs and attorney's fees, plus costs and all other relief to which Plaintiff is entitled by law.

**DAMAGES**

61. Plaintiff re-alleges and incorporates all of the allegations contained in Paragraphs 1 – 60 as if fully set forth herein.

62. As a direct and proximate result of the negligence of all Defendants as set out above, Jackie Hall suffered injuries including, but not limited to, those listed herein. As a result, Jackie Hall incurred significant medical expenses, and suffered embarrassment, physical impairment, and loss of life.

63. Plaintiff seeks punitive and compensatory damages against all Defendants in an amount to be determined by the jury, plus costs and all other relief to which Plaintiff is entitled by law.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff, Ronald Hall, as Administrator of the Estate of Jackie Hall, deceased, prays for judgment against Defendants, The Evanglical Lutheran Good Samaritan Society, Inc. d/b/a Good Samaritan Society - Jeffersontown; Claude Mapp, in his capacity as Administrator of The Good Samaritan Society; and John Does 1 through 3 Unknown Defendants, in an amount to be determined from the evidence, the costs herein expended, and for all other relief to which Plaintiff is entitled, including TRIAL BY JURY.

package : 000022 of 000072

Presiding Judge: HON. SUSAN GIBSON (630269)

COM : 000019 of 000020

package : 000023 of 000072

Respectfully submitted this 13th day of March 2017,

Ronald Hall, as Administrator of the Estate of Jackie Hall, deceased,

By: */s/ Todd C. Myers*

Todd C. Myers (KY 88505)
**WILKES & McHUGH, P.A.**
429 North Broadway
P.O. Box 1747
Lexington, KY 40588-1747
Telephone: (859) 455-3356
Facsimile: (859) 455-3362
*Attorney for Plaintiff*

Presiding Judge: HON. SUSAN GIBSON (630269)

COM : 000020 of 000020

*Electronically Filed*

**COMMONWEALTH OF KENTUCKY**
**IN THE CIRCUIT COURT OF JEFFERSON COUNTY**
**DIVISION___**

**Civil Action File No. ____________________**

Ronald Hall, as Administrator of the Estate of Jackie Hall, deceased, PLAINTIFF

v.

The Evangelical Lutheran Good Samaritan Society, Inc. DEFENDANTS
d/b/a Good Samaritan Society - Jeffersontown
c/o CT Corporation System
306 West Main Street, Suite 512
Frankfort, Kentucky 40601

Claude Mapp, in his capacity as Administrator
of Good Samaritan Society - Jeffersontown
3500 Good Samaritan Way
Jeffersontown, Kentucky 40299

and John Does 1 through 3,
Unknown Defendants

**NOTICE OF COMPLIANCE**

Plaintiff hereby gives notice to all interested parties of their compliance with KRS 411.188 by giving the required notification to the potential lienholders on the list attached hereto as **Exhibit A.**

package : 000024 of 000072

Presiding Judge: HON. SUSAN GIBSON (630269)

NOC : 000001 of 000003

Respectfully submitted this 13th day of March, 2017,

Ronald Hall, as Administrator of the Estate of Jackie Hall, deceased,

By: */s/ Todd C. Myers*
Todd C. Myers, Esq. (88505)
**WILKES & McHUGH, P.A.**
429 North Broadway
P.O. Box 1747
Lexington, KY 40588-1747
Telephone: (859) 455-3356
Facsimile: (859) 455-3362
*Attorney for Plaintiff*





package : 000025 of 000072
Presiding Judge: HON. SUSAN GIBSON (630269)
NOC : 000002 of 000003

package : 000026 of 000072

**EXHIBIT A**

Medicare

Medicaid

UHC

Presiding Judge: HON. SUSAN GIBSON (630269)

NOC : 000003 of 000003

*Electronically Filed*

**COMMONWEALTH OF KENTUCKY**
**IN THE CIRCUIT COURT OF JEFFERSON COUNTY**
**DIVISION____**

**Civil Action File No.**

Ronald Hall, as Administrator of the Estate of Jackie Hall, deceased, PLAINTIFF

v.

The Evangelical Lutheran Good Samaritan Society, Inc. DEFENDANTS
d/b/a Good Samaritan Society - Jeffersontown
c/o CT Corporation System
306 West Main Street, Suite 512
Frankfort, Kentucky 40601

Claude Mapp, in his capacity as Administrator
of Good Samaritan Society - Jeffersontown
3500 Good Samaritan Way
Jeffersontown, Kentucky 40299

and John Does 1 through 3,
Unknown Defendants

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO ADMINISTRATOR DEFENDANTS**

Plaintiff propounds the following First Set of Interrogatories directed to the Administrator Defendants to be answered under oath in accordance with the Kentucky Rules of Civil Procedure.

**DEFINITIONS AND INSTRUCTIONS**

1. "*You or Your.*" The terms "You" and "Your," as well as a party's full or abbreviated name or pronoun referring to a party, mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, or any other individual or entity presently or formally acting on the party's behalf.

package : 000027 of 000072

Presiding Judge: HON. SUSAN GIBSON (630269)

INT : 000001 of 000009

2. "*Person.*" The term "person" is defined as any natural person or business, legal or governmental entity or association.

3. "*Defendant.*" The term "Defendant" is defined as Claude Mapp.

4. "*Document.*" The term "document" is used in its broadest sense, and includes, without limitation, writings, books, papers, minutes, notes, drafts, drawings, graphs, reviews, evaluations, charts, schedules, logs, photographs, correspondence, records, letters, memoranda, reports, sheets, computer records, e-mails, and other data compilations in any form or tangible items from which information can be obtained or translated into reasonable useable form.

5. "*Identify*" (with respect to persons). When referring to a person, "to identify" means to give, to the extent known, the (1) person's full name, (2) present or last known address, (3) present or last known telephone number, and (4) when referring to a natural person, additionally, the present or last known place of employment.

6. "*Identify*" (with respect to documents). When referring to documents, "to identify" means to give, to the extent known, the (a) type of document; (b) general subject matter; (c) date of the document; and (d) author(s), addressee(s), and recipient(s).

7. "*Facility.*" For purposes of these Requests for Production of Documents, "facility" is defined as Good Samaritan Society - Jeffersontown located at 3500 Good Samaritan Way, Jeffersontown, KY 40299.

8. "*Residency.*" For purposes of these Requests for Production of Documents, "residency" is defined as the period during which time Jackie Hall was a resident of the facility, from August 04, 2013, and except for hospitalization remained until June 04, 2016.

package : 000028 of 000072

Presiding Judge: HON. SUSAN GIBSON (630269)

INT : 000002 of 000009

package : 000029 of 000072

## INTERROGATORIES

**INTERROGATORY NO. 1:** Please identify by name address and telephone number all individuals that you reported facility operational matters to, and whether on a daily, weekly or monthly basis.

**ANSWER:**

**INTERROGATORY NO. 2:** Please identify the procedures utilized by you during the state survey process at the facility while you were Administrator during the residency, including, but not limited to:

a) Individuals and their titles who were notified that a survey was being conducted;

b) Any initiatives undertaken by you or your staff; and,

c) Preparations made for survey exit conferences with the state surveyors.

**ANSWER:**

**INTERROGATORY NO. 3:** Please identify the areas of care and treatment that you routinely discussed with incoming residents and/or their families regarding the services your facility would provide while you were Administrator during the residency.

**ANSWER:**

**INTERROGATORY NO. 4:** Please identify the procedure for implementing a plan of correction after deficiencies were cited by state surveyors at the facility while you were Administrator during the residency and the year prior to the residency.

**ANSWER:**

Presiding Judge: HON. SUSAN GIBSON (630269)

INT : 000003 of 000009

**INTERROGATORY NO. 5:** Please identify all facilities where you have worked in the capacity of nursing home administrator.

**ANSWER:**

**INTERROGATORY NO. 6:** Please identify the year that you became a certified nursing home administrator.

**ANSWER:**

**INTERROGATORY NO. 7:** Please identify by name and dates of submission all reports that you submitted to either a corporate or home office regarding quality of care issues at the facility while you were Administrator during the residency and the six months prior to the residency. (i.e. staffing, acuity levels, levels of care, decubitus, key indicators, etc.).

**ANSWER:**

**INTERROGATORY NO. 8:** Please identify the procedures utilized to investigate problems at the facility while you were Administrator during the residency and the six months prior to the residency including, but not limited to infection and pressure sores.

**ANSWER:**

**INTERROGATORY NO. 9:** Please identify the procedure during the residency for notifying a resident's family of significant changes in the resident's condition.

**ANSWER:**



package : 000030 of 000072

Presiding Judge: HON. SUSAN GIBSON (630269)

INT : 000004 of 000009

**INTERROGATORY NO. 10:** Please identify the procedures during the residency for notifying the Cabinet for Health and Family Services, Office of Inspector General, Department for Community Based Services, Adult Protective Services, Long Term Care Ombudsman, Department of Elder Affairs, or law enforcement offices of any significant changes in a resident's condition resulting in the resident being in immediate jeopardy.

**ANSWER:**

**INTERROGATORY NO. 11:** Please identify whether you ever notified residents and/or their families of any deficiencies cited by any state or federal agency, the Cabinet for Health and Family Services, Office of Inspector General, Department for Community Based Services, Adult Protective Services, Long Term Care Ombudsman, Department of Elder Affairs, or law enforcement offices at the facility while you were Administrator during the residency. If so, please identify how the residents and/or their families were notified.

**ANSWER:**

**INTERROGATORY NO. 12:** While you were employed at the facility as Administrator, did the facility ever provide refunds to residents and/or the state for services and care not provided?

**ANSWER:**

**INTERROGATORY NO. 13:** Please identify all of your responsibilities as Administrator of the facility.

**ANSWER:**



package : 000031 of 000072

Presiding Judge: HON. SUSAN GIBSON (630269)

INT : 000005 of 000009

**INTERROGATORY NO. 14:** Please identify the process utilized to evaluate your job performance at the facility while you were Administrator including the name, address and phone number of the individual who performed this evaluation.

**ANSWER:**

**INTERROGATORY NO. 15:** Please identify the procedures and processes utilized by you to evaluate the job performance of persons at the facility while you were Administrator in supervisory positions, including but not limited to the Director of Nursing and the Assistant Director of Nursing.

**ANSWER:**

**INTERROGATORY NO. 16:** Please state the nature of your involvement, if any, with the preparation and submission of the annual budget for the facility.

**ANSWER:**

**INTERROGATORY NO. 17:** Please list the names of the persons who assisted you in preparing the budget for the facility while you were Administrator.

**ANSWER:**

**INTERROGATORY NO. 18:** Please identify the name and occupation of the person or persons who gave the final approval of the budget at the facility.

**ANSWER:**

package : 000032 of 000072

Presiding Judge: HON. SUSAN GIBSON (630269)

INT : 000006 of 000009

**INTERROGATORY NO. 19:** During your tenure as Administrator, please list how many occasions, including dates if possible, that the facility was staffed below the Commonwealth of Kentucky minimum standards as defined by state laws addressing staffing ratios in long-term care facilities according to the National Conference of State Legislature's Health Policy Tracking Service, as well as the minimum standards as defined by KRS 205.510 to 205.645, KRS 205.510, and the members of any Long-Term Care Staffing Committee in place during the residency of Jackie Hall.

**ANSWER:**

**INTERROGATORY NO. 20:** During your tenure as Administrator, please list how many occasions, including dates, if possible, that the facility was staffed below the federal regulation minimum standards.

**ANSWER:**

**INTERROGATORY NO. 21:** Please describe in detail your educational background that qualified you for your position as a nursing home and/or personal care home administrator.

**ANSWER:**

**INTERROGATORY NO. 22:** Please describe all continuing education you have completed in the past three years.

**ANSWER:**



package : 000033 of 000072

Presiding Judge: HON. SUSAN GIBSON (630269)

INT : 000007 of 000009

**INTERROGATORY NO. 23:** Did you complete an internship in a nursing home and/or personal care home? If so, please state the name of the facility where you completed your internship and the name of the person who served as your supervisor.

**ANSWER:**

**INTERROGATORY NO. 24:** What was your test score on the Domains of Practice Test published by the National Association of Boards of Examiners of Long Term Care Administrators?

**ANSWER:**

**INTERROGATORY NO. 25:** What was your test score on the Kentucky Nursing Home National Examination regarding the Kentucky Rules and Regulations for the operation of a nursing home?

**ANSWER:**

**INTERROGATORY NO. 26:** Have you ever been disciplined by the Kentucky Board of Licensure for Nursing Home Administrators while you have been a licensed administrator?

**ANSWER:**

package : 000034 of 000072

Presiding Judge: HON. SUSAN GIBSON (630269)

INT : 000008 of 000009

**INTERROGATORY NO. 27:** Are you a member of the American College of Health Care Administrators and/or any other professional organizations pertaining to your position as a nursing home administrator? If so, please list the names of all organizations of which you are a current member.

**ANSWER:**

Respectfully submitted this 13th day of March 2017,

Ronald Hall, as Administrator of the Estate of Jackie Hall, deceased,

By: */s/ Todd C. Myers*
Todd C. Myers (KY 88505)
**WILKES & McHUGH, P.A.**
429 North Broadway
P.O. Box 1747
Lexington, KY 40588-1747
Telephone: (859) 455-3356
Facsimile: (859) 455-3362
*Attorney for Plaintiff*

package : 000035 of 000072

Presiding Judge: HON. SUSAN GIBSON (630269)

INT : 000009 of 000009

*Electronically Filed*

**COMMONWEALTH OF KENTUCKY**
**IN THE CIRCUIT COURT OF JEFFERSON COUNTY**
**DIVISION____**

**Civil Action File No. ___________**

Ronald Hall, as Administrator of the Estate of Jackie Hall, deceased, PLAINTIFF

v.

The Evangelical Lutheran Good Samaritan Society, Inc. d/b/a Good Samaritan Society – Jeffersontown c/o CT Corporation System 306 West Main Street, Suite 512 Frankfort, Kentucky 40601 DEFENDANTS

Claude Mapp, in his capacity as Administrator of Good Samaritan Society - Jeffersontown 3500 Good Samaritan Way Jeffersonville, Kentucky 40299

and John Does 1 through 3, Unknown Defendants

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO NURSING HOME DEFENDANTS**

Plaintiff propounds the following First Set of Interrogatories directed to Defendants, The Evangelical Lutheran Good Samaritan Society, Inc. d/b/a Good Samaritan Society - Jeffersonville to be answered in accordance with the Kentucky Rules of Civil Procedure.

**DEFINITIONS AND INSTRUCTIONS**

1. "*You or Your.*" The terms "You" and "Your," as well as a party's full or abbreviated name or pronoun referring to a party, mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, or any other individual or entity presently or formally acting on the party's behalf.

2. "*Person.*" The term "person" is defined as any natural person or business, legal or governmental entity or association.



package : 000036 of 000072

Presiding Judge: HON. SUSAN GIBSON (630269)

INT : 000001 of 000010

3. "*Defendant*." The term "Defendant" is defined as any and all of the Defendants defined in the *Complaint*.

4. "*Document*." The term "document" is used in its broadest sense, and includes, without limitation, writings, books, papers, minutes, notes, drafts, drawings, graphs, reviews, evaluations, charts, schedules, logs, photographs, correspondence, records, letters, memoranda, reports, sheets, computer records, e-mails, and other data compilations in any form or tangible items from which information can be obtained or translated into reasonable useable form.

5. "*Identify*" (with respect to persons). When referring to a person, "to identify" means to give, to the extent known, the (1) person's full name, (2) present or last known address, (3) present or last known telephone number, and (4) when referring to a natural person, additionally, the present or last known place of employment.

6. "*Identify*" (with respect to documents). When referring to documents, "to identify" means to give, to the extent known, the (a) type of document; (b) general subject matter; (c) date of the document; and (d) author(s), addressee(s), and recipient(s).

7. "*Facility*." For purposes of these Interrogatories, "facility" is defined as Good Samaritan Society - Jeffersontown, located at 3500 Good Samaritan Way, Jeffersontown, KY 40299.

8. "*Residency*." For purposes of these Interrogatories, "*residency*" is defined as the period during which Jackie Hall was a resident of The Good Samaritan Society from August 04, 2013, and except for hospitalization remained until June 04, 2016.

## INTERROGATORIES

**INTERROGATORY No. 1.** Who or what entity was the licensee of the facility during the residency of Jackie Hall? Please list the date each person or entity was a licensee. If the licensee was a corporation, please list the exact corporation name and registered agent. If the



package : 000037 of 000072

Presiding Judge: HON. SUSAN GIBSON (630269)

INT : 000002 of 000010

licensee was a general partnership, please list the exact name of the partnership as well as the names and addresses of all of the partners. If the licensee was a limited partnership, please list the exact name of the limited partnership as well as the names and addresses of each general and limited partner.

**ANSWER:**

**INTERROGATORY No. 2.** State who or what entity was the owner of the facility from the date of Jackie Hall's admission until service of the Complaint. Please list the date that each person or entity was an owner. If the owner was a corporation, please list the exact corporate name and registered agent. If the owner was a general partnership, please list the exact name of the partnership as well as the names and addresses of all the partners. If the owner was a limited partnership, please list the exact name of the limited partnerships as well as the names and addresses of each general and limited partner.

**ANSWER:**

**INTERROGATORY No. 3.** If the owner of the facility was owned by another entity during the residency of Jackie Hall, please list the date each person was an owner. If the owner was a corporation, please list the exact corporate name and registered agent. If the owner was a general partnership, please list the exact name of the partnership as well as the names and addresses of all partners. If the owner was a limited partnership, please list the exact name of the limited partnership as well as the names and addresses of each general and limited partner.

**ANSWER:**

package : 000038 of 000072

Presiding Judge: HON. SUSAN GIBSON (630269)

INT : 000003 of 000010

**INTERROGATORY No. 4.** Please identify all individuals who were employed at the facility during the residency; state whether each individual provided any care or services to Jackie Hall, and state whether each individual is currently an employee of the facility or any Defendant.

The purpose of this interrogatory is to identify all individuals who either witnessed or had the opportunity to witness the circumstances, events or occurrences that are relevant to the facts and issues in the instant case. This interrogatory is intended to include any caregiver or other employee, including dietary workers, laundry workers, maintenance person or any other employee whatsoever.

Due to the illegibility of initials and signatures of nurses and others, in the medical records and the illegibility of initials and lack of signatures by nurse aides, as well as due to the fact that no other identifying information of the signer is contained in the medical records (i.e., complete name, social security number, address, position, current employment status), you are hereby notified that merely referencing the medical records of Jackie Hall in response to this interrogatory will constitute an inadequate answer.

Further, Defendants should be aware that this interrogatory is not simply asking for the information as it pertains to caregivers of the resident only, but is in fact asking for this information on each and every employee of the facility during the entire residency of Jackie Hall.

**ANSWER:**

**INTERROGATORY No. 5.** Please identify each Administrator, Director of Nursing and Assistant Director of Nursing employed at the facility during the residency of Jackie Hall and state the dates of service for each.

**ANSWER:**

package : 000039 of 000072

Presiding Judge: HON. SUSAN GIBSON (630269)

INT : 000004 of 000010

**INTERROGATORY No. 6.** Please identify each outside consultant utilized by the facility during the residency of Jackie Hall, including but not limited to dietary consultants, medical records consultants, physical therapy consultants, nursing consultants, or pharmacy consultants.

**ANSWER:**

**INTERROGATORY No. 7.** Please identify each medical director for the facility during the residency of Jackie Hall, and state the dates of service for each medical director.

**ANSWER:**

**INTERROGATORY No. 8.** Please identify each employment agency utilized by the facility during the residency for any employment need, including but not limited to nursing, dietary, housekeeping, administrative or janitorial. Further, please state the date(s) each agency was utilized.

**ANSWER:**

**INTERROGATORY No. 9.** Do Defendants have in their custody or control any records or reports prepared and/or obtained by the facility, or prepared or obtained by third parties at the facility' direction or request, that refer in any way to any event, incident, or accident involving Jackie Hall, including, but not limited to, medication errors, emergencies, falls, injuries, treatment errors, assaults or invasions by staff or residents, and/or thefts of resident property? If so, please state the title of each report or record, the name and job title of the individual who prepared the record or report, the name and job title of the individual who directed that the report or record be created, the name and job title of each individual who has reviewed or had custody or control of such report or record, or copy thereof, since it was created,

package : 000040 of 000072

Presiding Judge: HON. SUSAN GIBSON (630269)

INT : 000005 of 000010

the name and job title of each individual who currently has custody or control of each report or record, and the current location of each report or record.

**ANSWER:**

**INTERROGATORY No. 10.** Please identify each person believed or known by Defendants to have any knowledge concerning any of the issues of this lawsuit; and specify the subject matter about which the witness has knowledge.

**ANSWER:**

**INTERROGATORY No. 11.** Please list the date and substance of any investigation which Defendants know or believe was conducted by any governmental agency concerning Jackie Hall, including, but not limited to, any state or federal agency, the Cabinet for Health and Family Services, Office of Inspector General, Department for Community Based Services, Adult Protective Services, Long Term Care Ombudsman, Department of Elder Affairs, or law enforcement offices, together with the name and address of the agency that conducted the investigation.

**ANSWER:**

**INTERROGATORY No. 12.** Please identify each company utilized to manage or operate the facility at any time during the residency of Jackie Hall. For each company, please identify the time periods during which the company was utilized. If the company is a corporation, please identify the exact corporation name and registered agent. If the company is a general partnership, please identify the exact name of the partnership as well as the names and addresses of all of the partners. If the company is a limited partnership, please identify the exact

package : 000041 of 000072

Presiding Judge: HON. SUSAN GIBSON (630269)

INT : 000006 of 000010

name of the limited partnership as well as the names and addresses of each general and limited partner.

**ANSWER:**

**INTERROGATORY No. 13.** Identify all members of the governing body for the facility during the residency of Jackie Hall, including:

a) Name;

b) Current or last known home address;

c) Current or last known place of employment;

d) Telephone number; and,

e) Dates each identified person served as a member of the governing body for the facility.

**ANSWER:**

**INTERROGATORY No. 14.** Please state whether Defendants had a system to record consumer, resident or employee suggestions (i.e., suggestion box, 800 number, etc.) regarding the facility. If so, please identify, with sufficient particularity to form the basis of a request to produce, the names and types of records of consumer, resident or employee suggestions; the person or persons primarily responsible for sorting, filtering or responding to consumer, resident or employee suggestions; and the name and business address of the records custodian who maintains the above consumer, resident or employee suggestions.

**ANSWER:**



package : 000042 of 000072

Presiding Judge: HON. SUSAN GIBSON (630269)

INT : 000007 of 000010

**INTERROGATORY No. 15.** Specifically state each and every date nursing personnel of the facility or any person engaged by you to render services at the facility notified any physician or family member of Jackie Hall about any change in the condition of Jackie Hall or any problem with respect to her care.

**ANSWER:**

**INTERROGATORY No. 16.** Please list and describe in detail each and every document, item or thing which supports any defense on which you intend to rely at the trial of this matter.

**ANSWER:**

**INTERROGATORY No. 17.** Identify each person whom you, or your attorney, expect to call as an expert witness at the trial of this action, and with respect to each person, state:

a) His or her identity (Full name, home address, business address, educational background, etc.);

b) The subject matter on which each expert is expected to testify;

c) The substance of the facts and opinions to which the expert is expected to testify; and,

d) A summary of the grounds for each opinion.

PLEASE TAKE NOTE THAT THIS PARTY WILL OBJECT TO ANY PERSON TESTIFYING AS AN EXPERT AT TRIAL WHO IS NOT IDENTIFIED IN THE ANSWER TO THIS INTERROGATORY.

**ANSWER:**

package : 000043 of 000072

Presiding Judge: HON. SUSAN GIBSON (630269)

INT : 000008 of 000010

**INTERROGATORY No. 18.** Please identify each dietary aide or dietician for the facility during the residency of Jackie Hall, and state the dates of service for each and every dietary aide or dietician.

**ANSWER:**

**INTERROGATORY No. 19.** Identify the name, business address, specialty, and relationship, if any, to Defendants of each physician who had responsibility for treating Jackie Hall at the facility.

**ANSWER:**

**INTERROGATORY No. 20.** Please identify, with sufficient particularity to formulate the basis of a request to produce, all records of any kind prepared and/or maintained by the facility, which pertain in any way to Jackie Hall, and state the name, title, and business address of the custodian of each such record.

**ANSWER:**

**INTERROGATORY No. 21.** Do you claim that the Plaintiffs, or any other person or entity was at fault, negligent, or comparatively negligent, in whole or in part, for the claims asserted against you in this lawsuit? If your answer is "Yes," please describe in detail each act or omission on the part of the Plaintiff, or any other person or entity that you contend constituted negligence or fault or caused in whole or in part the Plaintiffs' injuries.

**ANSWER:**

package : 000044 of 000072

Presiding Judge: HON. SUSAN GIBSON (630269)

INT : 000009 of 000010

**INTERROGATORY No. 22.** Please state the name and address of each consulting expert whose report or work product was reviewed by a testifying expert in this case.

**ANSWER:**

**INTERROGATORY No. 23.** Please identify all statements made by or concerning Jackie Hall and/or evaluations of Jackie Hall pertaining to her residency at the facility.

**ANSWER:**

**INTERROGATORY No. 24.** Per Rule 34.01, please state if you are in custody of any metadata, electronic footprint or audit trails for electronic medical records during the residency of Jackie Hall. If not, please identify any third party vendor for the same.

**ANSWER:**

Respectfully submitted this 13th day of March 2017,

Ronald Hall, as Administrator of the Estate of Jackie Hall, deceased,

By: */s/ Todd C. Myers*
Todd C. Myers (KY 88505)
**WILKES & McHUGH, P.A.**
429 North Broadway
P.O. Box 1747
Lexington, KY 40588-1747
Telephone: (859) 455-3356
Facsimile: (859) 455-3362
*Attorney for Plaintiff*

package : 000045 of 000072

Presiding Judge: HON. SUSAN GIBSON (630269)

INT : 000010 of 000010

package : 000046 of 000072

Presiding Judge: HON. SUSAN GIBSON (630269)

RPD : 000001 of 000003

*Electronically Filed*

**COMMONWEALTH OF KENTUCKY**
**IN THE CIRCUIT COURT OF JEFFERSON COUNTY**
**DIVISION___**

**Civil Action File No. ________**

Ronald Hall, as Administrator of the Estate of Jackie Hall, deceased, PLAINTIFF

v.

The Evangelical Lutheran Good Samaritan Society, Inc.
d/b/a Good Samaritan Society - Jeffersontown
c/o CT Corporation System
306 West Main Street, Suite 512
Frankfort, Kentucky 40601 DEFENDANTS

Claude Mapp, in his capacity as
Administrator of Good Samaritan
Society - Jeffersontown
3500 Good Samaritan Way
Jeffersontown, Kentucky 40299

and John Does 1 through 3,
Unknown Defendants

**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO ADMINISTRATOR DEFENDANTS**

Plaintiff propounds the following First Set of Requests for Production of Documents to the Administrator Defendants to be answered in accordance with the Kentucky Rules of Civil Procedure.

**DEFINITIONS AND INSTRUCTIONS**

1. "*You or Your.*" The terms "You" and "Your," as well as a party's full or abbreviated name or pronoun referring to a party, mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, or any other individual or entity presently or formally acting on the party's behalf.

2. *"Person."* The term "person" is defined as any natural person or business, legal or governmental entity or association.

3. *"Defendant."* The term "Defendant" is defined as Claude Mapp.

4. *"Document."* The term "document" is used in its broadest sense, and includes, without limitation, writings, books, papers, minutes, notes, drafts, drawings, graphs, reviews, evaluations, charts, schedules, logs, photographs, correspondence, records, letters, memoranda, reports, sheets, computer records, e-mails, and other data compilations in any form or tangible items from which information can be obtained or translated into reasonable useable form.

5. *"Facility."* For purposes of these Requests for Production of Documents, "facility" is defined as Good Samaritan Society - Jeffersontown, located at 3500 Good Samaritan Way, Jeffersontown, KY 40299.

6. *"Residency."* For purposes of these Requests for Production of Documents, "residency" is defined as the period during which time Jackie Hall was a resident of the facility, from August 04, 2013, and except for hospitalization remained until June 04, 2016.

7. To preserve the privacy of residents other than Jackie Hall, Defendants may delete, obliterate, or otherwise redact the names of residents other than Jackie Hall from documents produced in response to these Requests for Production of Documents.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST TO PRODUCE NO. 1:** Please provide a copy of your administrator license.

**RESPONSE:**

package : 000047 of 000072

Presiding Judge: HON. SUSAN GIBSON (630269)

RPD : 000002 of 000003

**REQUEST TO PRODUCE NO. 2:** Please produce all reports, correspondence, memorandums and/or any other form of communication not included as a part of the "normal" facility chart used to memorialize the care and treatment rendered to Jackie Hall at the facility during the residency.

**RESPONSE:**

Respectfully submitted this 13th day of March 2017,

Ronald Hall, as Administrator of the Estate of Jackie Hall, deceased,

By: */s/ Todd C. Myers*

Todd C. Myers (KY 88505)
**WILKES & McHUGH, P.A.**
429 North Broadway
P.O. Box 1747
Lexington, KY 40588-1747
Telephone: (859) 455-3356
Facsimile: (859) 455-3362
*Attorney for Plaintiff*

package : 000048 of 000072

Presiding Judge: HON. SUSAN GIBSON (630269)

RPD : 000003 of 000003

*Electronically Filed*

**COMMONWEALTH OF KENTUCKY
IN THE CIRCUIT COURT OF JEFFERSON COUNTY
DIVISION____**

**Civil Action File No. ____________**

Ronald Hall, as Administrator of the
Estate of Jackie Hall, deceased, PLAINTIFF

v.

The Evangelical Lutheran Good Samaritan Society, Inc. DEFENDANTS
d/b/a Good Samaritan Society - Jeffersontown
c/o CT Corporation System
306 West Main Street, Suite 512
Frankfort, Kentucky 40601

Claude Mapp, in his capacity as Administrator
of Good Samaritan Society - Jeffersontown
3500 Good Samaritan Way
Jeffersontown, Kentucky 40299

and John Does 1 through 3,
Unknown Defendants

**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS**

Plaintiffs propound the following First Set of Requests for Production of Documents to Defendants, The Evangelical Lutheran Good Samaritan Society, Inc. d/b/a Good Samaritan Society - Jeffersontown to be answered in accordance with the Kentucky Rules of Civil Procedure.

**DEFINITIONS AND INSTRUCTIONS**

1. "*You or Your.*" The terms "You" and "Your," as well as a party's full or abbreviated name or pronoun referring to a party, mean the party and, where applicable, its



package : 000049 of 000072
Presiding Judge: HON. SUSAN GIBSON (630269)
RPD : 000001 of 000024

officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, or any other individual or entity presently or formally acting on the party's behalf.

2. "*Person.*" The term "person" is defined as any natural person or business, legal or governmental entity or association.

3. "*Defendant.*" The term "Defendant" is defined as any and all of the Defendants defined in the *Complaint*.

4. "*Document.*" The term "document" is used in its broadest sense, and includes, without limitation, writings, books, papers, minutes, notes, drafts, drawings, graphs, reviews, evaluations, charts, schedules, logs, photographs, correspondence, records, letters, memoranda, reports, sheets, computer records, e-mails, and other data compilations in any form or tangible items from which information can be obtained or translated into reasonable useable form.

5. "*Facility.*" For purposes of this Request for Production, "facility" is defined as Good Samaritan Society - Jeffersontown, located at 3500 Good Samaritan Way, Jeffersontown, KY 40299.

6. "*Residency.*" For purposes of this Request for Production, "*residency*" is defined as the period during which time Jackie Hall was a resident of The Good Samaritan Society from August 04, 2013, and except for hospitalization remained until June 04, 2016.

7. To preserve the privacy of residents other than Jackie Hall, Defendants may delete, obliterate, or otherwise redact the names of residents other than Jackie Hall from documents produced in response to these Requests for Production of Documents.

package : 000050 of 000072

Presiding Judge: HON. SUSAN GIBSON (630269)

RPD : 000002 of 000024

package : 000051 of 000072

Presiding Judge: HON. SUSAN GIBSON (630269)

RPD : 000003 of 000024

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

**REQUEST TO PRODUCE NO. 1:** Please produce a Bates-stamped electronic copy on a CD of the original chart for Jackie Hall at the facility, including but not limited to the following:

a) Admission and Discharge documents;

b) Resident Assessments Protocols (RAPs);

c) Minimum Data Sets (MDS);

d) Section G MDS Assessments;

e) Care Plans;

f) Physician's Notes;

g) Physician's Orders;

h) Nursing Notes;

i) Medication Administration Records (MARs);

j) Narcotic logs and scheduled drug tracking sheets;

k) Treatment Records;

l) CNA Flowsheets, notes, assignment, or any other document memorializing the care and treatment of Jackie Hall given by CNAs;

m) Activities for Daily Living (ADLs);

n) Social Service Notes;

o) Advance Directives, including Acknowledgement of Resident's Rights, Living Will, Do Not Resuscitate Orders (DNR), Consent Forms;

p) Diagnosis, including EKG's, x-rays, laboratory studies or other test performed during the residency;

q) Nutritional Notes;

r) Rehabilitation Notes;

s) Miscellaneous Assessments, including behavior monitors, pressure sore risk assessments and bowel and bladder assessments; and

t) Electronic medical records (including audit trails metadata, electronic footprint).

**RESPONSE:**

**REQUEST TO PRODUCE NO. 2:** Please produce all Policy and Procedures Manuals in effect for the facility during the residency, including but not limited to:

a) Management;

b) Nursing;

c) Wound care;

d) Falls;

e) Elopement;

f) Mental Health;

g) Weight loss;

h) CNA policies and training;

i) Infection Control;

j) Medication;

k) Social Services;

l) Activities;

m) Administrative;

n) Personnel;

o) Food Services; and

p) Restorative and/or Maintaining Function.

**RESPONSE:**

package : 000052 of 000072

Presiding Judge: HON. SUSAN GIBSON (630269)

RPD : 000004 of 000024

**REQUEST TO PRODUCE NO. 3:** Please produce all skin audits performed on Jackie Hall at the facility, including any reference to:

a) The area of the body that was affected;

b) The determination of the skin audit and/or examination;

c) The regimen followed to correct the problem; and,

d) The final outcome of the affected area or body part.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 4:** Please produce all writings, e-mails, memoranda, notes, or documents of any kind that were provided to Jackie Hall's physician(s) or that memorialize any notification regarding Jackie Hall to her physician(s).

**RESPONSE:**

**REQUEST TO PRODUCE NO. 5:** Please produce all food and/or fluid intake sheet/records or documents of any kind that evidence or memorialize Jackie Hall's food and/or fluid consumption.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 6:** Please produce color copies of all photographs taken by Defendants of Jackie Hall during the residency.

**RESPONSE:**

package : 000053 of 000072

Presiding Judge: HON. SUSAN GIBSON (630269)

RPD : 000005 of 000024

**REQUEST TO PRODUCE NO. 7:** Please produce the DON reports generated for the facility during the residency.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 8:** Please produce the DON reports generated for the region encompassing the facility during the residency.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 9:** Please produce all consumer/resident satisfaction surveys for the facility during the residency, or covering the time period encompassing the residency.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 10:** Please produce complete and itemized bills for any and all services, medical supplies, pharmaceutical supplies, therapies, or any other goods or services for which the facility charged Jackie Hall or any third party payer on behalf of Jackie Hall while she was a resident at your facility, including, but not limited to:

a) All bills or statements submitted to Medicaid or Medicare, or any fiscal intermediary for Medicaid or Medicare, or the Veterans Administration for supplies, therapies, or other ancillary charges covering care, supplies, equipment, or other ancillary charges for Jackie Hall;

b) All bills or statements submitted to Jackie Hall, her power of attorney, guardian, or family for room and board, services, supplies, equipment, or other items provided to Jackie Hall, including co-payments or deductibles, by the facility;

c) All revenue reports and/or remittance advisories that reflect reimbursement made by Medicare, Medicaid, the Veterans Administration, private insurance, or any individual for room and board, services, supplies, equipment, or other items provided by the facility; and



package : 000054 of 000072

Presiding Judge: HON. SUSAN GIBSON (630269)

RPD : 000006 of 000024

d) All statements, lists, or reconciliations of trust accounts reflecting funds received from Jackie Hall's power of attorney, guardian, or family or held in trust for the benefit of Jackie Hall.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 11:** Please produce all insurance policies that were in effect during the residency, including primary, umbrella, and excess that covered employees, agents, officers and/or consultants of the facility.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 12:** Please produce the floor plan of the facility that reflects the facility during the residency.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 13:** Please produce a copy of the organizational charts and/or corporate structures of Defendants effective during the residency.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 14:** Please produce all contracts related to management, consulting, and/or administrative services provided to the facility during the residency.

**RESPONSE:**

package : 000055 of 000072

Presiding Judge: HON. SUSAN GIBSON (630269)

RPD : 000007 of 000024

**REQUEST TO PRODUCE NO. 15:** Please produce all contracts related to management, consulting, and/or administrative services executed by any of the named Defendants which were in effect during the residency.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 16:** Please produce all contracts with outside consultants or medical doctors who provided care or services to the facility during the residency.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 17:** Please produce all provider agreements between Defendants and the Commonwealth of Kentucky for the period of the residency.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 18:** Please produce all provider agreements between Defendants and the federal government for the period of the residency.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 19:** Please produce all resident council minutes for meetings that took place at the facility during the residency and six months prior.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 20:** Please produce applications for employment for all persons employed at the facility during the residency.

**RESPONSE:**



package : 000056 of 000072

Presiding Judge: HON. SUSAN GIBSON (630269)

RPD : 000008 of 000024

**REQUEST TO PRODUCE NO. 21:** Please produce documentation of criminal background checks for all persons employed at the facility during the residency.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 22:** Please produce licensing/certification documentation for all persons employed at the facility during the residency.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 23:** Please produce all documentation reflecting disciplinary actions including reprimands and complaints by third parties, for all persons employed at the facility during the residency and six months prior.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 24:** Please produce documents addressing or memorializing all complaints registered by employees who worked at the facility during the residency.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 25:** Please produce all personnel files, in their entirety, for any R.N., LPN, CNA, Nurse Aide, or any other licensed or unlicensed individual that rendered care to Jackie Hall.

**RESPONSE:**

package : 000057 of 000072

Presiding Judge: HON. SUSAN GIBSON (630269)

RPD : 000009 of 000024

**REQUEST TO PRODUCE NO. 26:** Please produce performance evaluations for all persons employed at the facility during the residency.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 27:** Please produce exit interviews/forms for all persons who ceased working at the facility during the residency.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 28:** Please produce resignation letters for all persons who resigned (voluntarily or involuntarily) from the facility during the residency.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 29:** Please produce termination letters for all persons who were terminated from the facility during the residency.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 30:** Please produce all internal staffing calculation documents for the facility applicable to the residency.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 31:** Please produce all Monday Reports, which include the facility, for the period of the residency.

**RESPONSE:**

package : 000058 of 000072

Presiding Judge: HON. SUSAN GIBSON (630269)

RPD : 000010 of 000024

**REQUEST TO PRODUCE NO. 32:** Please produce all Key Factor Reports and/or Reports for the facility, region encompassing the facility, and the division encompassing the facility, for the period of the residency.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 33:** Please produce all Weekly Roll-up Reports for this facility and the Region which encompasses this facility.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 34:** Please produce all Financial Reviews prepared by the Administrator during the residency.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 35:** Please produce all daily census reports and/or records with resident acuity information for the facility applicable to the residency.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 36:** Please produce color copies of all weekly work schedules, employee sign-in sheets, payroll records and timecards and/or timesheets showing the identity, number (quantity), or classification (e.g. LPN, R.N., Nurse Aide, etc.) of all nursing personnel, (including nurses, nurses' aides, medication aides and orderlies) who worked on each unit or wing in the facility during the residency.

**RESPONSE:**

package : 000059 of 000072

Presiding Judge: HON. SUSAN GIBSON (630269)

RPD : 000011 of 000024

**REQUEST TO PRODUCE NO. 37:** Please produce all Customer Base (CB) Comparison Spreadsheets and/or reports including the facility for the years 2013 through 2016.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 38:** Please produce all Financial Recovery Plans implemented for the facility and its Division and Region, during the residency.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 39:** Please produce all Summarized Income Statements and Summary Variance Reports for the facility, which show the facility's budget and any variances therefrom during the residency.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 40:** Please produce all quarterly employee satisfaction surveys for the facility during the residency and six months prior.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 41:** Please produce all surveys, mock survey visits, documents, reports, and tools, including quarterly site visits and all focused/follow up visits, applicable to the residency of Jackie Hall, and six months before, which memorialize Defendants' evaluation and monitoring of the facility's compliance with mandatory regulations, policies and procedures, and care given to the residents.

**RESPONSE:**



package : 000060 of 000072

Presiding Judge: HON. SUSAN GIBSON (630269)

RPD : 000012 of 000024

**REQUEST TO PRODUCE NO. 42:** Please produce all documents reflecting and/or reviewing clinical outcomes in the facility during the residency of Jackie Hall including Dashboard and Clinical Outcomes Reports (COR) and QI/QM Reports and Flags.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 43:** Please produce all Clinical Outcome Rolling Reports Regional Level for the Region encompassing the facility for the time period encompassing the residency of Jackie Hall.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 44:** Please produce performance reviews for all persons employed at the facility during the residency.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 45:** Please produce exit interviews/forms for all persons who ceased working at the facility during the residency.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 46:** Please produce all internal memoranda, e-mails, or any other documents that reflect discussions of staffing issues at the facility during the residency.

**RESPONSE:**

package : 000061 of 000072

Presiding Judge: HON. SUSAN GIBSON (630269)

RPD : 000013 of 000024

**REQUEST TO PRODUCE NO. 47:** Please produce all documents that reflect or are related to maintaining the budget at the facility, including but not limited to, inter-company memoranda, correspondence, handwritten notes and e-mails during the residency.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 48:** Please produce all documentation and/or reports from any consultant or management personnel hired to evaluate the adequacy of care rendered to residents at the facility anytime during the residency.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 49:** Please produce all licenses issued by any state agency to operate the facility that were in effect during the residency.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 50:** Please produce the employee files of each Administrator employed at the facility during the residency.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 51:** Please produce the employee files of each Director of Nursing employed at the facility during the residency.

**RESPONSE:**

package : 000062 of 000072

Presiding Judge: HON. SUSAN GIBSON (630269)

RPD : 000014 of 000024

**REQUEST TO PRODUCE NO. 52:** Please produce the employee files of each Assistant Director of Nursing employed at the facility during the residency.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 53:** Please produce all the budget variance reports that memorialize Defendants' evaluation of the expenditures, including but not limited to staffing, supplies, and food at the facility, and how the aforesaid expenditures compared to budget projections, for the facility during the residency.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 54:** Please produce all the rolled-up budget variance reports that memorialize Defendants' evaluation of the expenditures, including but not limited to staffing, supplies, and food at the facility, and how the aforesaid expenditures compared to budget projections, for the region encompassing the facility, during the residency, and six months before the residency.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 55:** Please produce all the rolled-up budget variance reports that memorialize Defendants' evaluation of the expenditures, including but not limited to staffing, supplies, and food at the facility, and how the aforesaid expenditures compared to budget projections, for Defendants' nursing home operations in the United States during the residency, and six months before the residency.

**RESPONSE:**

package : 000063 of 000072

Presiding Judge: HON. SUSAN GIBSON (630269)

RPD : 000015 of 000024

**REQUEST TO PRODUCE NO. 56:** Please produce all reports or documents that reflect or trend survey deficiencies of the region encompassing the facility for the years 2013 through 2016.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 57:** Please produce all reports or documents that reflect or trend survey deficiencies for Defendants' nursing home operations in the Commonwealth of Kentucky for the years 2013 through 2016.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 58:** Please produce all reports or documents that reflect or trend survey deficiencies for Defendants' nursing home operations in the United States for the years 2013 through 2016.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 59:** Please produce all reports or documents that reflect or trend the census mix for the region encompassing the facility during the residency and for three months prior to the residency.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 60:** Please produce all reports or documents that reflect or trend the census mix for the Commonwealth of Kentucky during the residency and for three months prior to the residency.

**RESPONSE:**



package : 000064 of 000072

Presiding Judge: HON. SUSAN GIBSON (630269)

RPD : 000016 of 000024

package : 000065 of 000072

Presiding Judge: HON. SUSAN GIBSON (630269)

RPD : 000017 of 000024

**REQUEST TO PRODUCE NO. 61:** Please produce all reports or documents that reflect or trend the census mix for the Defendants' nursing home operations in the United States during the residency and for three months prior to the residency.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 62:** Please produce all reports or data compilations that concern the status or condition of residents at the facility that were reviewed by Defendants' corporate offices during the residency and six months prior to the residency. This request includes but is not limited to any and all of the following:

a) Standard of Care Reports (for the Region that included The Good Samaritan Society)

b) Quality Indicator Reports (as they existed, with no redactions)

c) Weight Reports

d) Decubitus Ulcer Reports

e) Falls Reports

**RESPONSE:**

**REQUEST TO PRODUCE NO. 63:** Please produce all CNA work/wing assignments for the facility during the residency.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 64:** Please produce all shift change reports for the facility during the residency.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 65:** Please produce all documents that recorded consumer, resident or employee suggestions (i.e. suggestion box, 800 number, etc.) regarding the facility during the residency and six months prior to the residency. This request includes all e-mails related to resident care in the facility that were forwarded to individuals responsible for operating and overseeing the operations of the facility.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 66:** Please produce all bonus or incentive programs applicable to administrators or other staff of the facility, all district staff responsible for overseeing or assisting with operations at the facility, and all Regional staff in the region which included the facility for the years 2013 through 2016.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 67:** Please produce a copy of all e-mail transmissions from the administrator of the facility to any corporate employee, agent or representative, or from any corporate employee, agent, or representative to the administrator of the facility concerning staffing issues at the facility during the residency and six months prior to the residency of Jackie Hall. This request specifically seeks e-mails related to lack of staff and/or the effect of lack of staff on resident care, including e-mails related to the high number of infections, pressures sores, falls, or dehydration cases at the facility. (Defendants may redact the names of residents other than Jackie Hall)

**RESPONSE:**

package : 000066 of 000072

Presiding Judge: HON. SUSAN GIBSON (630269)

RPD : 000018 of 000024

package : 000067 of 000072

**REQUEST TO PRODUCE NO. 68:** A copy of all email transmissions from the administrator of the facility to the Defendants' regional or national corporate offices or from the Defendants' regional or national corporate offices to the administrator of the facility concerning payroll management related to CNA and Nurse staffing at the facility, resident care at the facility, increasing the census numbers at the facility, and increasing (or decreasing) staffing at the facility during the residency and six months prior to the residency.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 69:** Please produce all emails or other electronic communications by the following users: Administrator, Director of Nursing, Regional Director of Clinical Operations, Regional Vice President, Regional Marketing Director, Divisional Vice President of Operations, Divisional Director of Clinical Operations, Divisional Vice President of Clinical Operations, Corporate Vice President of Clinical Operations, Senior Vice President of Operations, President, CEO, CFO, or COO containing the following terms and/or derivations thereof: Jackie Hall, infections fall, fracture, skin impairments, death, staff, budget, PPD, labor, hours, census, customer base of "CB", skilled mix, Medicare or "MC", Medicaid or "MA", survey deficiencies, neglect, and abuse.

**RESPONSE:**

Presiding Judge: HON. SUSAN GIBSON (630269)

**REQUEST TO PRODUCE NO. 70:** Please produce copies of all Union Grievance documents related to complaints of staffing issues at the facility sent and/or received for the six (6) months prior to the residency, during the residency, and for the six (6) months after the residency.

**RESPONSE:**

RPD : 000019 of 000024

**REQUEST TO PRODUCE NO. 71:** Please produce all written consents, minutes and/or transcriptions of all annual and special meetings of the Board of Directors of each of the Defendants that were held in the years 2013 through 2016.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 72:** Please produce a copy of the By-Laws outlining the duties and responsibilities of the Board of Directors of each of the Defendants in effect for the years 2013 through 2016.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 73:** Please produce all Audited financial statements of all Defendants for the years 2013 through 2016.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 74:** Please produce all Unaudited financial statements of all Defendants for the years 2013 through 2016.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 75:** Please produce all State and Federal Income Tax Returns for all Defendants for the years 2013 through 2016.

**RESPONSE:**

package : 000068 of 000072

Presiding Judge: HON. SUSAN GIBSON (630269)

RPD : 000020 of 000024

**REQUEST TO PRODUCE NO. 76:** Please produce all loan applications filed by, or on behalf of the Defendants during the years 2013 through 2016.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 77:** Please produce all annual reports prepared by Defendants and/or their parent company, for the years 2013 through 2016.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 78:** Please produce all Securities and Exchange Commission 10-K filings for Defendants and/or their parent company, for the years 2013 through 2016.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 79:** Please produce all Profit and Loss Statements of all Defendants for the years 2013 through 2016.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 80:** Please produce the curriculum vitae for each expert you plan to use at the trial of this case.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 81:** Please produce a copy of any written opinion of each expert which you plan to use at the trial of this case.

**RESPONSE:**

package : 000069 of 000072

Presiding Judge: HON. SUSAN GIBSON (630269)

RPD : 000021 of 000024

**REQUEST TO PRODUCE NO. 82:** Please produce a copy of all documents, treatises, authoritative publications, etc. upon which any of the experts you plan on using at trial in this case have relied.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 83:** Please produce all reports based upon tests, examinations, and analysis of documents that any of your testifying experts in this case have provided.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 84:** Please produce a complete list of all documents, depositions, exhibits, plans, drawings, ordinances or statutes which each testifying expert has used in developing his/her opinion.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 85:** Please produce all reports setting forth your testifying expert's opinions or conclusions reached from their examination or any test they conducted.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 86:** Please produce all documents that concern Jackie Hall in any way that have not been produced in response to any request for production above.

**RESPONSE:**



package : 000070 of 000072

Presiding Judge: HON. SUSAN GIBSON (630269)

RPD : 000022 of 000024

**REQUEST TO PRODUCE NO. 87:** Please produce all Summary Comparison Reports for the years 2013 through 2016.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 88:** Please produce the following information:

a) Name of insurance company that was billed (Medicare, Medicaid, Other Insurer) with policy numbers

b) All diagnosis codes billed to each insurer

c) Attestation sheet

d) Any amounts insurance companies paid in remittance

e) Any bill adjustments as a result of insurance payments

f) Any UB-92 forms

**RESPONSE:**

**REQUEST TO PRODUCE NO. 89:** All electronic recordings of care given by staff to Jackie Hall during her residency, including CareTracker, AccuNurse, or other electronic charting of care and a copy of any changes made to electronic records. Please produce same in its native format, including the audit trail with metadata.

**RESPONSE:**

**REQUEST TO PRODUCE NO. 90:** Please produce all documentation from in-service training sessions held at the facility during the months of the residency and six months prior, including:

a) Dates of the sessions;

b) Names of those in attendance;

package : 000071 of 000072

Presiding Judge: HON. SUSAN GIBSON (630269)

RPD : 000023 of 000024

c) The person(s) conducting the sessions; and,

**RESPONSE:**

**REQUEST TO PRODUCE NO. 91:** Please produce all incident and/or accident reports that were produced at the facility as required to be kept by the Kentucky Administrative Regulations and Revised Statutes for the Division of Long Term Care, including but not limited to:

a) Reports that reference Jackie Hall; and,

b) All other reports generated during the residency of Jackie Hall

**RESPONSE:**

**REQUEST TO PRODUCE NO. 92:** Please produce all call light reports during the months of Jackie Hall's residency and six months prior

**RESPONSE:**

Respectfully submitted this 13th day of March 2017,

Ronald Hall, as Administrator of the Estate of Jackie Hall, deceased,

By: */s/ Todd C. Myers*
Todd C. Myers (KY 88505)
**WILKES & McHUGH, P.A.**
429 North Broadway
P.O. Box 1747
Lexington, KY 40588-1747
Telephone: (859) 455-3356
Facsimile: (859) 455-3362
*Attorney for Plaintiff*

package : 000072 of 000072

Presiding Judge: HON. SUSAN GIBSON (630269)

RPD : 000024 of 000024