# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

**CIVIL ACTION NO. 3:17CV-00193-JHM**

**RONALD HALL, AS**
**ADMINISTRATOR OF THE ESTATE**
**OF JACKIE HALL, DECEASED**                                                    **PLAINTIFF**

**V.**

**THE EVANGELICAL LUTHERAN GOOD**
**SUMARITAN SOCIETY, INC., d/b/a GOOD**
**SAMARITAN SOCIETY-JEFFERSONTOWN, ET AL.**                          **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion by Plaintiff, Ronald Hall, to remand this action to state court pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction. [DN 6]. Fully briefed, this matter is ripe for decision.

### I. BACKGROUND

Plaintiff, Ronald Hall, as administrator of the estate of Jackie Hall, filed an action on March 13, 2017, in Jefferson Circuit Court asserting negligence, medical negligence, and wrongful death claims against Defendants, The Evangelical Lutheran Good Samaritan Society, Inc., d/b/a Good Samaritan Society-Jeffersontown (hereinafter "Good Samaritan"), Claude Mapp, in his capacity as administrator of Good Samaritan, and John Does 1 through 3. Plaintiff alleges that on August 4, 2013, Jackie Hall was admitted to Good Samaritan where she resided until June 4, 2016. Plaintiff claims that Jackie Hall suffered personal injuries and ultimately death as a result of Defendants' failure to properly care for her.

On March 30, 2017, Good Samaritan removed the action to this Court based on diversity jurisdiction. In its notice of removal, Good Samaritan alleges that it is a corporation organized

under the laws of North Dakota. Further, Good Samaritan represents that at the time of the filing of this action Claude Mapp, the former Administrator at Good Samaritan, was a resident of Tennessee. (Notice of Removal at ¶ 7, DN 1.) Good Samaritan maintains that the damages exceed the amount required for federal court diversity jurisdiction.

On April 7, 2017, Plaintiff moved to remand the action to the Jefferson Circuit Court arguing that Defendant failed to establish diversity of citizenship under 28 U.S.C. § 1332(a). Additionally, Plaintiff argues that one of the named Defendants in the state action, Claude Mapp did not participate or consent to the removal; and as a result, removal was accomplished in violation of 28 U.S.C. § 1441.

## II. STANDARD OF REVIEW

As a general matter, a civil case brought in a state court may be removed by a defendant to federal court if it could have been brought there originally. 28 U.S.C. § 1441(a). In order for a defendant to remove a case to federal court based upon diversity jurisdiction, there must be complete diversity of citizenship both at the time the case is commenced and at the time that the notice of removal is filed. See Jerome–Duncan, Inc. v. Auto–By–Tel, L.L.C., 176 F.3d 904, 907 (6th Cir. 1999); 28 U.S.C. § 1332(a). "The party invoking federal court jurisdiction -- in this case, [Good Samaritan], as removing party -- has the burden of demonstrating by competent proof that the complete-diversity and amount-in-controversy requirements are met." Cleveland Housing Renewal Project v. Deutsche Bank Trust Co., 621 F.3d 554, 559 (6th Cir. 2010).

## III. DISCUSSION

Plaintiff filed this motion for an order of remand claiming this Court does not have jurisdiction over this cause of action. Plaintiff does not contest that the amount-in-controversy requirement is met. Instead, Plaintiff contends that the Defendants have not properly perfected

2

removal. Plaintiff argues that the Notice of Removal reveals two deficiencies. First, Plaintiff maintains that remand to the Jefferson Circuit Court is warranted because the Defendant failed to produce any evidence that Defendant Mapp resides outside of Kentucky. Second, Plaintiff contends that the Notice of Removal clearly reflects that Defendant Mapp did not consent to or participate in the removal.

First, Defendant Claude Mapp resided in Tennessee at the time the case commenced and at the time the notice of removal was filed. (Claude Mapp Affidavit at ¶ 4, DN 7-1.) While the Court is aware that the Defendant did not tender Mapp's affidavit at the time of the removal, the Court finds that it may still properly consider the affidavit that was attached to the Defendant's response. "The Supreme Court has upheld removal where jurisdictional facts required to support the removal were found in later-filed affidavits rather than in the notice of removal." Holiday Drive-In, LLC v. Liberty Mut. Ins. Co., 2016 WL 868837, *4 (W.D. Ky. Mar. 4, 2016)(quoting USX Corp. v. Adriatic Ins. Co., 345 F.3d 190, 206 (3d Cir. 2003) (citing Willingham v. Morgan, 395 U.S. 402, 407 n. 3 (1969) ("This material should have appeared in the petition for removal. However, for purposes of this review it is proper to treat the removal petition as if it had been amended to include the relevant information contained in the later-filed affidavits.")). Puri v. Baugh, 2015 WL 3796346, *3 (W.D. Ky. 2015)(citing Holland v. Lowe's Home Centers, Inc., 1999 WL 993959, *2 (6th Cir. Oct. 21, 1999)("[t]his Court may consider evidence of the amount in controversy at the time of removal regardless of whether that evidence was produced (or available) at the time of removal.")); Whitehead v. Dollar Tree Stores, Inc., 2016 WL 4197582, *3 (E.D. Ky. Aug. 8, 2016). Mapp was a resident of Tennessee at the time the action was filed and therefore complete diversity exists.

Second, at the time of removal, Good Samaritan was not required to obtain consent for

3

removal from Defendant Claude Mapp. "Unanimity of consent is a judicially crafted rule derived from the federal removal statute § 1446(b)(2)(A), see Loftis v. United Parcel Serv., Inc., 342 F.3d 509, 516 (6th Cir. 2003), that requires all defendants who have been properly joined or properly served in an action to consent to, or join in, a petition to remove an action to federal court." Polston v. Millennium Outdoors, LLC, 2017 WL 878230, *3 (E.D. Ky. Mar. 6, 2017). "One of the exceptions to the general rule that all defendants must join in or consent to the removal petition" is where "the non-joining defendant . . . has not been served at the time the removal petition is filed." Jablonski v. Kraft Foods Global, Inc., 2009 WL 3806784, *1 (E.D. Ky. Nov. 12, 2009)(citing Klein v. Manor Healthcare Corp., 1994 WL 91786, *3 n. 8 (6th Cir. March 22, 1994). See also 28 U.S.C. § 1446(b)(2)(A); Smith v. Delta Funding Corp., 2015 WL 7770658, *2 (E.D. Mich. Dec. 3, 2015). Therefore, a defendant who has not received service of process at the time of removal need not join in the notice of removal. Mapp falls within this exception to the unanimity of consent. At the time of removal, Mapp had not been properly served in this action, and therefore Good Samaritan did not have to obtain his consent. (Mapp Affidavit ¶ 5.) Plaintiff does not dispute Mapp's statement regarding service of process. In fact, Plaintiff did not file a reply in this matter. Furthermore, in his affidavit filed with the Court on April 21, 2017, Mapp indicates that he consents to the removal of this action. (Id. at ¶ 7.)

After a review of the affidavit of Claude Mapp, the Court finds that Defendant has satisfied its burden of demonstrating that there is complete diversity of citizenship between the parties. Accordingly, the Court has subject matter jurisdiction over Plaintiff's action, and the motion to remand is denied.

### IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the motion by

Plaintiff, Ronald Hall, to remand this action to state court pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction [DN 6] is **DENIED**.

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc: counsel of record

May 15, 2017